UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL LADRIYE; and JOE BANKS,
for themselves and on behalf of those
similarly situated,

CASE NO.:

      Plaintiffs,
vs.

COMMERCIAL LANDSCAPE
PROFESSIONALS INC, a Florida
Profit Corporation d/b/a TRIMAC
OUTDOOR; TODD MURPHY,
Individually; and JOSH FLETCHER,
Individually,
      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JOEL LADRIYE ("LADRIYE"), and JOE BANKS ("BANKS") (collectively "Plaintiffs"), for themselves and on behalf of those similarly situated, by and through undersigned counsel, file this Complaint against Defendants, COMMERCIAL LANDSCAPE PROFESSIONALS INC, a Florida Profit Corporation d/b/a TRIMAC OUTDOOR ("TRIMAC"); TODD MURPHY ("MURPHY"), Individually; and JOSH FLETCHER ("FLETCHER"), Individually, (collectively "Defendants"), to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA"), and state as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this district.

## PARTIES

4. At all times material hereto, Plaintiff LADRIYE was, and continues to be, a resident of Lee County, Florida.

5. At all times material hereto, Plaintiff BANKS was, and continues to be, a resident of Lee County, Florida.

6. Plaintiffs worked for TRIMAC in Clay County, Florida.

7. At all times material hereto, TRIMAC was, and continues to be, a Florida Profit Corporation engaged in business in Clay County, Florida

8. Based on the information and belief, at all times material hereto, Defendant MURPHY was, and continues to be, a resident of Clay County, Florida.

9. At all times material hereto, MURPHY managed and operated TRIMAC.

10. At all times material hereto, MURPHY regularly held and exercised the authority to: (a) hire and fire employees of TRIMAC; (b) determine the work schedules for the employees of TRIMAC; and (c) control the finances and operations of TRIMAC.

11. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of TRIMAC; (b) determine the work schedules for the employees of TRIMAC; and (c) control the finances and operations of TRIMAC, MURPHY is an employer as defined by 29 U.S.C. 201 *et. seq.*

12. Further, at all times material hereto, MURPHY was a manager for

TRIMAC, acting in TRIMAC'S interest in directing the work of Plaintiffs, and the work of others similarly situated to Plaintiffs.

13. Upon information and belief, at all times material hereto, FLETCHER was a resident of Clay County, Florida.

14. At all times material hereto, FLETCHER was President of TRIMAC.

15. At all times material hereto, FLETCHER regularly held and exercised the authority to: (a) hire and fire employees of TRIMAC; (b) determine the work schedules for the employees of TRIMAC; and (c) control the finances and operations of TRIMAC.

16. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of TRIMAC; (b) determine the work schedules for the employees of TRIMAC; and (c) control the finances and operations of TRIMAC, FLETCHER is an employer as defined by 29 U.S.C. 201 *et. seq.*

17. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

18. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

19. At all times material hereto, TRIMAC was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

20. Based upon information and belief, the annual gross revenue of TRIMAC was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

21. At all times material hereto, Defendant TRIMAC had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as trucks, hedge trimmers, gloves, computers and telephones.

22. At all times material hereto, the work performed by the Plaintiffs was directly essential to Defendants business.

## STATEMENT OF FACTS

23. TRIMAC is a landscaping company, which operates in Florida.

24. TRIMAC is owned and operated by FLETCHER.

25. TRIMAC is managed and operated by MURPHY.

26. MURPHY was, at all times relevant to this action, Plaintiffs' manager.

27. In October 2017, Defendants hired Plaintiff LADRIYE as a non-exempt laborer.

28. LADRIYE'S work included irrigation, yard maintenance, truck driving, maintaining equipment in the shop, and loading equipment.

29. In approximately December 2017, Defendants hired Plaintiff BANKS as a non-exempt laborer for Defendants' business.

30. BANKS' work included irrigation, yard maintenance, truck driving, maintaining equipment in the shop, and loading equipment.

31. Plaintiffs were paid an hourly rate, but were never paid for more than eight (8) hours per day at that rate.

32. Defendant characterized Plaintiffs' rate as a day rate, but when Defendants' recorded less than eight (8) hours in a day, Plaintiffs were paid only at their hourly rate for the hours recorded.

33. At various material times hereto, Plaintiffs worked for Defendants in excess of

4

forty (40) hours within a workweek.

34. Despite working numerous overtime hours for Defendants, Plaintiffs were not paid an overtime premium for their overtime hours.

35. Defendants failed and/or refused to properly compensate Plaintiffs, and other laborers ("those similarly situated"), at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single workweek.

36. Plaintiffs should be compensated at the rate of one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

37. Upon information and belief, the majority of Plaintiffs' pay and time records are in the possession of Defendants.

38. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as laborers and were denied proper overtime compensation for all of their overtime hours because Defendants would not pay for over eight hours in a day. Through this common policy and practice, Plaintiffs and those similarly situated were without any premium for overtime hours.

39. Defendants have violated Title 29 U.S.C. §207 the term of Plaintiffs' employment, in that:

  a. Plaintiffs, and those similarly situated, worked in excess of forty (40) hours per week during their employment with Defendants;

  b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours

worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

c.  Defendants failed to maintain accurate daily time records as required by the FLSA.

40. Defendants' failure and/or refusal to properly compensate Plaintiffs, and those similarly situated, at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiffs, and those similarly situated, for hours over 40. Specifically, upon information and belief, Defendants were specifically advised that it was legally required to pay overtime for overtime hours, and deliberately chose not to, simply to save money.

41. Defendants' failure to pay proper overtime was knowing or in reckless disregard of the law.

42. Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

43. Plaintiff re-alleges paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. Throughout their employment, Plaintiffs worked in excess of forty (40) hours in many workweeks.

45. Plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours in excess of forty (40) worked in each workweek.

46. Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a

workweek.

47. Those similarly situated to Plaintiffs also worked similar hours, and performed similar duties for Defendants, but also were not paid any overtime premiums for hours over forty in a workweek.

48. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

49. Defendants failed to properly disclose or apprise Plaintiffs, and those similarly situated, of their rights under the FLSA.

50. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

51. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, for themselves and on behalf of those similarly situated requests: conditional certification, pursuant to Section 216(b) of the FLSA, of employees who worked for Defendants as laborers in the three years preceding the filing of the Complaint; an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiffs' favor and against Defendants for actual and liquidated damages under the FLSA, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 31st day of October, 2019.

                                Respectfully submitted,

                                */s/ Angeli Murthy*
                                Angeli Murthy, Esq.
                                FL Bar No.: 088768
                                MORGAN & MORGAN, P.A.
                                8151 Peters Rd., Suite 4000
                                Plantation, FL 33324
                                Phone: (954) 327-5369
                                Fax:   (954)-327-3016
                                E-mail:  amurthy@forthepeople.com
                                *Trial Counsel for Plaintiffs*